### STRONG v. BURNUP & SIMS, et al.

Industrial Commission.

April 22, 1952.

George B. Mehlman, West Palm Beach, for claimant.

JAMES R. KNOTT, Deputy Commissioner.

On January 12, 1952 the claimant, Raymon Strong, sustained a back injury in the course of his work for Burnup & Sims, Inc. After a short disability period he returned to work, but has been temporarily totally disabled by his injury since February 15, 1952.

Payment of compensation for his two weeks disability period beginning February 29, 1952 and ending March 13, 1952, amounting to $70, was not made by the employer and insurance carrier until March 29, 1952. During the period when payment was delinquent claimant consulted an attorney who requests assess-

ment of the 10% delinquency penalty provided by section 440.20(5), Florida Statutes 1951, reading as follows:

> If any installment of compensation payable without an award is not paid within fourteen days after it becomes due, as provided in subsection (2) of this section, there shall be added to such unpaid installment an amount equal to ten per cent thereof, which shall be paid at the same time as, but in addition to, such compensation, such installment, unless notice is filed under subsection (4) of this section, or unless such non-payment is excused by the commission after a showing by the employer that owing to conditions over which he had no control such installment could not be paid within the period prescribed for the payment.

It is shown that the delinquency in delivery of claimant's compensation draft was due to the employer's failure to send him the draft—which had been timely delivered to the employer by the insurance carrier. Legalistically speaking, the employer and carrier stand in the same shoes, and the delinquency of the one in dealings with injured employees must be credited to the other as well. In the present instance there has been no showing by the employer that "owing to conditions over which he had no control such installment could not be paid within the period prescribed for the payment." Under these circumstances, the employee becomes entitled to the assessment of the penalty as a matter of course.

Upon consideration, the insurance carrier is ordered to pay the claimant the sum of $7—the 10% penalty under the provision of the Act quoted above. The carrier is further ordered to pay to George B. Mehlman, Esq., the sum of $25 for legal services on claimant's behalf.